UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IGNITION ATHLETIC
PERFORMANCE GROUP, LLC,

       Plaintiff,

                                     Case No. 06-13684

                                     HONORABLE SEAN F. COX
v.                               MAGISTRATE JUDGE STEVEN D. PEPE

HANTZ SOCCER U.S.A., LLC,

       Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (Dkt. #27)

On December 18, 2006, Plaintiff filed its Motion To Compel indicating that Defendant has failed to respond to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories (Dkt. #27). On January 25, 2007, Defendant filed its response indicating that by January 31, 2007, the date of the scheduled hearing on the motion, Defendant will have provided responses to Plaintiff's pending discovery requests without objection (Dkt. #34). The only issue remaining is whether and to what extent Defendant should pay attorney fees and costs incurred by Plaintiff in bringing the present motion. Plaintiff's motion was referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A). For the reasons stated in the parties submissions and indicated below IT IS ORDERED THAT:

      1.      Plaintiff's Motion to Compel is GRANTED. On or before February 5, 2007, Defendant shall provide responses to all of Plaintiff's discovery requests without objection.

1

Failure to comply with this Order may result in FED. R. CIV. P. 37(b)(2) sanctions, including but not limited to resolution of this action on the merits.

       2.      Plaintiff seeks that sanctions be imposed on Defendants for failure to respond in a timely manner to its discovery requests. On October 24, 2006, Plaintiff served its First Set of Document Requests to Defendant and First Set of Interrogatories to Defendant by e-mail and first class mail. The responses to that discovery were, therefore, to be served by Defendant no later than November 27, 2006. When no responses was received by November 30, 2006, Plaintiff sent an e-mail (Dkt. #27, Ex. 3) inquiring whether responses had been served. No response to that e-mail was received from Defendant's lead counsel, David Shea, although his co-counsel, Shawn Lee-Goddard, responded in an e-mail dated December 1, 2006 (Dkt. #27, Ex. 4) that Mr. Shea was handling discovery.

       On December 2, 2006, Plaintiff sent a letter to Mr. Shea demanding that Defendant immediately respond to the discovery (Dkt. #27, Ex. 5). Again, no response was received from Mr. Shea. Plaintiff indicates that he then called Mr. Shea's office on December 5, 2006, to discuss the matter as required by Local Rule 7.1(a)(2) and was informed that he was in court for the afternoon. A voice mail message was left requesting that Mr. Shea contact Plaintiff by noon on December 6, 2006, or Ignition would file a motion to compel. No response was received and another telephone call to Mr. Shea on the afternoon of December 6, 2006, was met with the response that Mr. Shea was out. On December 6, 2006, Plaintiff sent a letter stating that, unless responses were received by the close of business, a motion to compel would be filed on December 7 (Dkt. #27, Ex. 6).

       Mr. Shea finally contacted Plaintiff by leaving a voice mail on December 6, 2006,

requesting a seven to ten day extension to respond to the discovery.  In a December 6, 2006, e-mail, Ignition agreed to a seven day extension, through December 13, 2006 (Dkt. #27, Ex. 7). That e-mail also requested confirmation from Mr. Shea that the responses would be received by Plaintiff on December 13 and informed him that, if they were not, a motion to compel would be filed.  No response to the e-mail was received from Mr. Shea and, on December 8, 2006, a letter was sent to Mr. Shea, making clear that December 13, 2006, was a firm deadline and, if responses were not received by that date, a motion to compel would be filed (Dkt. #27, Ex. 8). On December 13, 2006, no responses were again received.  Plaintiff sent an e-mail to Mr. Shea on the evening of December 13 requesting whether responses had been served (Dkt. #27, Ex. 9). Again, that e-mail was not answered.

Rule 37 provides provisions for sanctions relating to a parties failure to make disclosures or cooperate in discovery.  Rule 37 (a)(4) regards sanctions for motions to compel and states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in the making the motion, including attorney fees.

In this case, Defendant has failed to respond timely to Plaintiff's discovery requests or provide adequate reasons why it failed to do so.  Defendant's response only indicates that Plaintiff's discovery requests will be answered by the time of the hearing scheduled on Plaintiff's motion without objection, and requests that, in the event the Court grants fees and costs, it limit said amount to a reasonable award.  Moreover, Defendant did not submit any of its responses to Plaintiff's discovery requests until after Plaintiff's counsel filed his present motion. Pursuant to 37(a)(4), having granted Plaintiff's Motion to Compel, sanctions are appropriate for

3

reasonable expenses incurred in making the motion.  Therefore, Plaintiff's Motion To Compel is

**GRANTED** as it pertains to a monetary award.

Defendant stated in his response that Plaintiff's counsel communicated to defense

counsel that it incurred nearly $1,500 in fees bringing this motion.  Because Plaintiff has

prevailed on its  motion and Defendant has been uncooperative in discovery, it is ordered that

Defendant shall pay $1000 to Plaintiff on or before February 28, 2007.


**SO ORDERED.**


Date: January 30, 2007                         s/Steven D. Pepe
Ann Arbor, Michigan                            United States Magistrate Judge


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>January 30, 2007</u>, I electronically filed the foregoing paper with the Clerk
Court using the ECF system which will send electronic notification to the following: <u>Michael V. Kell,
Theodore R. Remaklus, David J. Shea, ShawnLee M. Goddard</u>, and I hereby certify that I have mailed
United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete__peliter@mied.uscourts.gov